

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS, TRANSPORTATION DIVISION, AKA SMART-TD, | No. 15-35747 |
| | D.C. No. 2:15-cv-01270-RSL |
| Plaintiff - Appellant, | |
| v. | MEMORANDUM* |
| BNSF RAILWAY COMPANY, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Senior District Judge, Presiding

Argued and Submitted April 4, 2016
Seattle, Washington

Before: HAWKINS, RAWLINSON, and CALLAHAN, Circuit Judges.

The Transportation Division of the International Association of Sheet Metal,

Air, Rail and Transportation Workers ("Union"), appeals the denial of a preliminary

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

injunction seeking to enjoin BNSF Railway Co. ("BNSF") from making certain changes to employee availability rules without engaging in the major dispute bargaining process described in Section 6 of the Railway Labor Act. We affirm.

BNSF proposed implementing certain changes with respect to three new inter-divisional services, claiming its actions were authorized by Article IX of the existing collective bargaining agreement ("CBA"). BNSF contends that the proposed terms to which the Union objects, involving turn-removal and predictive work schedules, are encompassed in the "hours on duty" and "other conditions of work" provisions that the carrier may impose in connection with establishing this inter-divisional service under Article IX.

We agree with the district court that BNSF's actions are arguably authorized by the existing CBA, and thus the Union's dispute over the terms is appropriately characterized as a "minor" dispute under *Consolidated Rail Corporation v. Railway Labor Executives' Association*, 491 U.S. 299 (1989) ("*Conrail*"). Disputes relating "either to the meaning or proper application of a particular provision with reference to a specific situation" are deemed "minor disputes." *Id.* at 303 (quotation omitted). If an employer asserts a contractual right to take a contested action, "the ensuing dispute is minor if the action is arguably justified by the terms of the parties'

2

collective-bargaining agreement," that is, so long as the employer's arguments are not "obviously insubstantial" or "frivolous." *Id.* at 306-07.

BNSF's prior Section 6 major dispute notice, which sought to implement, among other things, similar changes to worker availability and scheduling but among a variety of carriers and lines nationwide, does not alter the nature of this particular dispute, which pertains only to BNSF's proposed inter-divisional service in three specific locations and as arguably contemplated by Article IX. [1] Thus, the Union's proper remedy is to seek binding arbitration to determine whether BNSF's actions were, in fact, authorized by the existing CBA. 45 U.S.C. § 153; *Conrail*, 491 U.S. at 303-04.

Because the dispute here is a matter of contractual interpretation left exclusively to the National Railroad Adjustment Board, we **AFFIRM** the denial of a preliminary injunction and **REMAND** with instructions to **DISMISS** the underlying suit for a lack

---

[1] Issuing a Section 6 notice for a broader purpose does not automatically convert the more narrow issue here into a "major" dispute, because the threshold question is still whether or not a particular dispute may be resolved by interpreting the existing agreement. *See, e.g., Conrail,* 491 U.S. at 306 ("[T]he proper functioning of the statutory scheme requires the court to substitute its characterization [of the dispute] for that of the claimant."); *CSX Transp. Inc. v. United Transp. Union*, 879 F.2d 990, 999 (2d Cir. 1989) ("It is [] necessary to address, as a threshold matter, the nature of the controversy between the parties.")*; Chicago & N.W. Transp. Co. v. Ry. Labor Execs. Ass'n*, 908 F.2d 144, 158 (7th Cir. 1990) ("Filing a Section 6 notice may kick off a major dispute; it does not transform a minor dispute into a major dispute.").

of subject matter jurisdiction.  *See Ass'n of Flight Attendants v. Mesa Air Group, Inc.*,

567 F.3d 1043, 1049 (9th Cir. 2009).  Each party shall bear their own costs on appeal.

FILED

MAY 31 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Int'l Assn of Sheet Metal etc v. BNSF Railway Company*, Case No. 15-35747
**Rawlinson, Circuit Judge, concurring in the judgment:**

I concur in the judgment affirming the denial of a preliminary injunction and remanding for dismissal due to lack of subject matter jurisdiction. I write separately to expressly disavow any reliance on the out-of-circuit authority cited in the main disposition.

1